## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **KANSAS WEST ANNUAL CONFERENCE** | ) | |
| **OF THE UNITED METHODIST CHURCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **No. 11-1171-KHV** |
| | ) | |
| **ROBOTECH ELECTRICAL** | ) | |
| **COMPONENTS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
|  | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on <u>Defendant Robotech Electrical Components, Inc.'s Motion</u> <u>To Dismiss And Memorandum in Support</u> (Doc. #5) filed June 23, 2011. For reasons stated below, the Court overrules defendant's motion.

### Legal Standards

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. <u>Id.</u>; <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). The specific allegations in the complaint must plausibly support a legal claim for relief. <u>Kay v. Bemis</u>, 500 F.3d 1214, 1218 (10th Cir. 2007). Rather than deciding whether a claim is "improbable," the Court determines whether the factual allegations in the complaint sufficiently raise a right to relief above the speculative level. <u>See id.</u> (quoting <u>Twombly</u>, 550 U.S. at 556). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial

experience and common sense. <u>Iqbal</u>, 129 S. Ct. at 1950.

The Court need not accept as true those allegations which state only legal conclusions. <u>See</u> <u>id.</u> Plaintiff bears the burden to frame its complaint with enough factual matter to suggest that it is entitled to relief; it is not enough for plaintiff to make threadbare recitals of a cause of action accompanied by mere conclusory statements. <u>Twombly</u>, 550 U.S. at 556. Plaintiff makes a facially plausible claim when it pleads factual content from which the Court can reasonably infer that defendant is liable for the misconduct alleged. <u>Iqbal</u>, 129 S. Ct. at 1949. Plaintiff must show more than a sheer possibility that defendant has acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendant's liability. <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. <u>Id.</u> Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but not "shown" – that the pleader is entitled to relief. <u>Id.</u> at 1950. Finally, the degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends upon the type of case. <u>Robbins v. Oklahoma</u>, 519 F.3d 1242, 1248 (10th Cir. 2008).

## **Analysis**

Defendant argues that plaintiff's complaint does not identify the model number, serial number or any other method of identification to establish that the alleged defective product (a power strip) was designed, manufactured or sold by defendant. <u>See Defendant Robotech Electrical Components, Inc.'s Motion To Dismiss And Memorandum In Support</u> (Doc. #5) filed June 23, 2011 at 3; <u>Defendant Robotech Electrical Components, Inc.'s Reply In Support Of Its Motion To Dismiss</u>

(Doc. #14) filed July 6, 2011 at 2.  Plaintiff has identified the product as a "power strip" which defendant produced, designed, manufactured, imported sold and/or introduced into the stream of commerce.  Complaint (Doc. #1) filed May 18, 2011 ¶ 3.  Twombly and Iqbal do not require plaintiff to identify a product by model or serial number and in any event, defendant has not shown that such identification is possible with its products.  Defendant concedes that it manufactures electrical power strips, see Doc. #5 at 3 (no information that would tie "Robotech–as opposed to any other manufacturer of electrical power strips–to the "Power Strip" in question"); id. at 4 ("Robotech is not the only company that manufactures electrical power strips"), and plaintiff alleges that it purchased one of defendant's power strips which was defective and caused a fire.  Plaintiff's factual allegations are specific enough to state a plausible claim for relief and give defendant fair notice of its claim.  The Court therefore overrules defendant's motion to dismiss in this regard.[1]

As to plaintiff's claim for breach of express warranty, defendant argues that plaintiff has provided no factual allegations to establish that an express warranty existed.  The Court agrees.  Based on the bare allegations of the complaint, plaintiff has not shown that it is entitled to relief on its claim for breach of express warranty.[2]  In particular, plaintiff has not alleged when and how it received notice of any such warranties and it has not specified that defendant breached any particular promise or affirmation that formed part of the express warranty.  See Steen v. Medtronic, Inc., No. 3:10-cv-936-L, 2010 WL 2573455, at *3 (N.D. Tex. June 25, 2010); Heisner v. Genzyme Corp., No. 08-c-593, 2008 WL 2940811, at *9 (N.D. Ill. July 25, 2008); Burton v. R.J. Reynolds Tobacco

---

[1]     To the extent defendant sells multiple power strips and it truly does not know what power strip is referenced in the complaint, it should determine that information through discovery.

[2]     In contrast, the Court finds that the factual allegations in the complaint are sufficient to state a plausible claim for breach of implied warranties.

<u>Co.</u>, 884 F. Supp. 1515, 1528 (D. Kan. 1995).  The Court therefore dismisses plaintiff's claim for breach of express warranty for failure to state a claim.[3]

**IT IS THEREFORE ORDERED** that <u>Defendant Robotech Electrical Components, Inc.'s Motion To Dismiss And Memorandum in Support</u> (Doc. #5) filed June 23, 2011 be and hereby is **SUSTAINED in part**.  The Court sustains defendant's motion as to plaintiff's claim for breach of express warranty (Count VI).  Defendant's motion is otherwise overruled.

Dated this 25th day of August, 2011 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge

---

[3]     Plaintiff argues that any copies of an express warranty would have been destroyed in the fire.  Doc. #9 at 5.  If and when plaintiff discovers that defendant included an express warranty with its power strip which it subsequently breached, plaintiff may seek leave to amend.